### DELTOX RUG CO. v. COLONIAL COVER-LET CO., Inc.

### BOYSELL CO. v. SAME.

### LOOPER v. SAME.
#### Nos. 229, 230, 4.

District Court, E. D. Tennessee, S. D.
Aug. 16, 1939.

---

R. Carmack Waterhouse, of Chattanooga, Tenn., for plaintiffs.

Charles A. Noone, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The defendant has made a motion seeking to require the plaintiffs to be more specific in the bills of complaint by setting out definitely and particularly wherein the plaintiffs claim infringement of their patent.

After review of all authorities cited, I am of the opinion that under ordinary conditions the motion should be granted. But I am of the further opinion that this is an exception to the rule in that there is a showing in the records that the defendant has been secretive in the operation of its machines whereby the public nor these plaintiffs could ascertain specifically the character of devises used by defendant. This showing by the plaintiffs is not disputed in the records.

Under the general rules of law and pleadings a litigant is not required to do that which is impossible in the nature of things. A showing of due diligence is all that is necessary.

Therefore, the motions to particularize will be overruled but under conditions as hereunder indicated.

After the answers are in, and after the interrogatories have been answered, the Court will direct a pre-trial conference as authorized by Rule 16, of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, at which time there will be a simplification of the issues and amendments allowed or directed. By this method the defendant will be able to ascertain the particular claims of the plaintiffs.

Counsel will be expected to notify the Court of the proper time for this pre-trial conference.

Let an order be prepared accordingly.